**In re William Michael HYLAND, Debtor.**

**CITIBANK (New York State), Plaintiff,**

**v.**

**William Michael HYLAND, Defendant.**

**Bankruptcy No. 95–10547 B.**

**Adversary No. 96–1124 B.**

United States Bankruptcy Court,
W.D. New York.

Oct. 8, 1997.

Pack, Hartman, Ball, Brody & Kinney, P.C., Buffalo, NY (Daniel J. Hartman, of counsel), for Plaintiff.

Aaron, Dautch, Sternberg & Lawson, Buffalo, NY (William E. Lawson, of counsel), for Defendant.

CARL L. BUCKI, Bankruptcy Judge.

Significance and meaning attach to every word and sentence of a well-drafted com-

plaint. Often, the recitation of a cause of action begins with a paragraph which incorporates by reference all of the preceding paragraphs. Such language is not idle chatter, but contributes to a definition of the issues presented to the Court for its consideration. Any such definition will inevitably establish the range of issues to which the preclusive effect of collateral estoppel may extend. Thus, in the present instance where the plaintiff urges the collateral estoppel effect of a state judgment, this Court must examine that prior judgment in light of those issues which the pleadings serve to identify.

In 1985, William Michael Hyland and Stephen Bartee formed a partnership to engage in the business of "contracting and development." Known as Phoenix Associates, this partnership maintained a checking account at Citibank (New York State). Although not licenced as a check cashing service under New York Banking Law, the partnership cashed approximately $20,000 of customer checks per month, for a fee that ranged between three and five percent of the face value of the checks. In 1990, Phoenix Associates brokered a mortgage for Maria Weiss. As a result of this transaction, Weiss learned of Phoenix's check cashing activity. Between September 1991 and January 1992, Weiss purloined 24 checks from her employer for a total sum of $36,643.10. Forging the endorsement of the named payee, Weiss delivered the checks to Bartee in exchange for a discounted amount of cash. Bartee then deposited the checks into Phoenix's checking account. Ultimately, Citibank discovered this fraud. After reimbursing the rightful owner of the instruments, Citibank was able to recover only $8,139.18 through a set off against the moneys on deposit in the account.

In 1992, to recover its remaining loss of $28,503.92, Citibank commenced an action in New York State Supreme Court against William M. Hyland, Stephen W. Bartee, Phoenix Associates, and Maria C. Weiss. Upon completing discovery, Citibank served its motion for summary judgment in February of 1995. Meanwhile, on the 22nd day of that month, William Michael Hyland filed his petition for relief under Chapter 7 of the Bankruptcy Code. Although noting the pendency of Citibank's civil action in his Statement of Financial Affairs, Hyland neglected to include Citibank on his list of creditors. As a consequence, Citibank received no notice of Hyland's bankruptcy filing.

Without knowledge of Hyland's bankruptcy, Citibank scheduled argument on its motion for summary judgment in the state court action. No one appears to have asserted the application of any bankruptcy stay. Rather, on the return date of Citibank's motion, Hyland's separate trial counsel proceeded to argue the merits of his client's position. At the conclusion of oral argument on March 31, 1995, the state court rendered summary judgment in favor of Citibank. Entered on August 3, 1995, the court's written order recites that Citibank was granted summary judgment "on each of its causes of action" other than on its claim for punitive damages.

Hyland's bankruptcy case was closed on June 20, 1995, that is, at a point between the announcement of the state court's decision and its execution of an order granting summary judgment. Upon motion of Hyland's bankruptcy counsel, this Court reopened the bankruptcy proceeding on October 17, 1995, so that the debtor might amend his schedule of unsecured creditors to include Citibank. Following that amendment, Citibank commenced the present adversary proceeding to determine the dischargeability of its claim. Hyland has answered the complaint, and Citibank now moves for summary judgment.

Section 523(a)(2)(A) provides that an order of discharge does not discharge an individual debtor from a debt "for money ... to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." To establish this exception, Citibank asks that this Court give collateral estoppel effect to the state court judgment against Hyland. The order of August 3, 1995, specifically granted judgment on each of Citibank's causes of action. The third of these causes of action was based on fraud. Citibank contends that this fraud cause of action required findings identical to those required under section 523(a)(2)(A), and that those necessary findings compel the grant of summary judgment in the present adversary proceeding as well. In response, Hyland argues that the state court failed to make the specific factual findings needed to warrant application of collateral estoppel,

and that in any event, the state court judgment was void as a violation of the automatic bankruptcy stay.

■ In their legal memoranda, the parties present several issues of great academic interest. Should this Court give collateral estoppel effect to an order entered in violation of the automatic stay? Did the debtor waive the protection of the automatic stay when he voluntarily appeared in state court to argue the merits of the summary judgment motion? Alternatively, may this Court grant stay relief *nunc pro tunc* as of the state court hearing? Is the automatic stay violated by entry of an order after the closing of a bankruptcy case? To what extent are the elements of common law fraud identical to those required to establish fraud in the context of 11 U.S.C. § 523(a)(2)(A)? This Court need not examine these questions at this time. If summary judgment is to be granted at all, it must be predicated upon the collateral estoppel effect of the state court judgment. The effect of collateral estoppel, however, will extend only to those findings and determinations that are essential to that judgment. Restatement (Second) of Judgments § 27 (1982); Jeffrey Thomas Ferriell, *The Preclusive Effect of State Court Decisions in Bankruptcy*, 58 Am. Bankr.L.J. 349 (1984).

In the complaint in the state court proceeding, the opening paragraph of the third cause of action recited that "Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through and including 26 above as though fully set forth herein." In paragraph 3 of the complaint, Citibank alleged that William M. Hyland was a partner of Phoenix Associates. By reason of the incorporation of this paragraph into the third cause of action, Citibank asserted the joint and several liability of each partner for the liabilities of Phoenix Associates. Thus, with respect to the third cause of action, the grant of summary judgment against Hyland may represent either a finding that his own conduct was fraudulent, or that he was jointly and severally liable for the fraudulent activity of a partner or of the partnership.

■ The exception to discharge in section 523(a)(2)(A) extends to debts that result from actual fraud that is attributable to the debtor. In the present instance, the state court's order granting summary judgment was a mere recitation of result, with no specific statement of findings. Fully consistent with the language of the order would be a holding that Hyland's joint and several liability derives solely from his position within the partnership. Accordingly, as to Hyland, there is no determination of actual fraud to which the Effect of collateral estoppel could attach in the present proceeding.

The motion of Citibank for summary judgment is denied. The plaintiff may, however, establish the essential elements of its cause of action through other proof. Accordingly, the parties should now proceed with their discovery, if any, and to prepare for further proceedings consistent with this decision.

So Ordered.